UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-6597 CAS | Date | June 18, 2013 |
|---|---|---|---|
| Title | *IN RE: REZA JANGALI SHIRAZI [REZA JANGALI SHIRAZI v. BANK OF AMERICA, N.A., ETC.; ET AL.]* | | |
| | Bankruptcy No.: 2:12-bk-23492 WB | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants

Not Present                                              Not Present

**Proceedings:**   (IN CHAMBERS):  APPEAL FROM BANKRUPTCY COURT (Filed 7/31/12)

## I.   INTRODUCTION

On July 31, 2012, debtor-appellant Reza Jangali Shirazi ("Shirazi") filed an appeal in this Court, seeking review of the Bankruptcy Court's grant of appellee Bank of America, N.A.'s ("BANA") motion for relief from an automatic stay. On August 31, 2012, Shirazi filed his opening brief, and BANA filed its response on September 14, 2012. After considering the parties arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

The instant appeal arises out of the foreclosure of Shirazi's home. On April 16, 2012, Shirazi's home at 6869 Oriole Way, La Verne, California 91750 ("Subject Property") was sold to appellee BANA at a public foreclosure auction. Dkt. No. 10.[1] BANA did not record the Trustee's Deed Upon Sale ("TDUS"), which names BANA as the beneficial owner of the Subject Property, until April 25, 2012. Prior to recordation, Shirazi filed a voluntary petition for bankruptcy on April 17, 2012, the day after the foreclosure sale occurred. Dkt. No. 10.

---

[1] The sale was conducted pursuant to a Deed of Trust with power of sale in favor of BANA executed by Shirazi, recorded on February 7, 2007 in the Los Angeles County Recorder's Office. Dkt. No. 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-6597 CAS | Date | June 18, 2013 |
|---|---|---|---|
| Title | IN RE: REZA JANGALI SHIRAZI [REZA JANGALI SHIRAZI v. BANK OF AMERICA, N.A., ETC.; ET AL.] | | |

On May 25, 2012, BANA filed a motion seeking relief from the automatic bankruptcy stay with respect to actions against the Subject Property. BANA argued that relief from the automatic stay was appropriate because BANA held title to the Subject Property, the Subject Property was not necessary to the bankruptcy because Shirazi had no equity, and Shirazi's petition for bankruptcy protection was filed in bad faith. Dkt. No. 10. The Bankruptcy Court granted BANA's motion for relief from the automatic stay on July 11, 2012. Dkt. Nos. 6, 10.

### III.   LEGAL STANDARD

Fed. R. Bankr. P. 8013 provides:

> On appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

A "finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). Questions of law are reviewed *de novo*. In re Luna, 122 B.R. 575, 576 (9th Cir. BAP 1991). A bankruptcy judge has discretion to grant or deny a secured creditor relief from the automatic stay, but a judge's decision may be reversed when it is "based on an erroneous conclusion of law or when the record contains no evidence on which [the bankruptcy court] rationally could have based that decision." In re Conejo Enters., 96 F.3d 346, 351 (9th Cir. 1996).

### IV.   DISCUSSION

The dispositive issue in this case is whether a violation of the automatic stay took place because the TDUS was recorded subsequent to Shirazi's bankruptcy filing. Shirazi argues that the post-bankruptcy petition execution and recordation of the TDUS was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 12-6597 CAS | Date | June 18, 2013 |
|---|---|---|---|
| Title | IN RE: REZA JANGALI SHIRAZI [REZA JANGALI SHIRAZI v. BANK OF AMERICA, N.A., ETC.; ET AL.] | | |

ineffective to transfer title, leading to the conclusion that the Subject Property remains part of his bankruptcy estate and is subject to the automatic stay. Dkt. No. 10. Additionally, Shirazi argues that because BANA does not lawfully own the Subject Property, it lacks standing to obtain relief from the automatic stay. Dkt. No. 10.

The Court rejects Shirazi's arguments. Several decisions have considered the validity of a pre-petition trustee's sale where recordation of the TDUS occurs post-petition, and have overwhelmingly affirmed the validity of the sales.[2] These decisions reason that, on these facts, no violation of the automatic stay occurs due to the "relation back" doctrine found in California Civil Code § 2924h(c). See Garner, 208 B.R. at 700 ("The plain language of § 2924h(c) provides that the sale is final when the highest and last bid is accepted. Thus . . . the foreclosure sale was final when the bankruptcy petition was filed."). Section 2924h(c) states, in relevant part, that at mortgage auctions:

> [T]he trustee's sale shall be deemed final upon the acceptance of the last and highest bid, and shall be deemed perfected as of 8 a.m. on the actual date of sale if the trustee's deed is recorded within 15 calendar days after the sale, or the next business day following the 15th day if the county recorder in which the property is located is closed on the 15th day.

Cal. Civ. Code § 2924h(c). Applying this provision to the instant facts, the Court finds that even though the TDUS was not recorded until April 25, 2012, the transfer of title to

---

[2] See In re Lucore, 2013 WL 2367800 at *1 (9th Cir. BAP May 30, 2013) (debtor filed for bankruptcy on August 25, 2011; purchaser filed for relief from stay after having purchased the property in question at a trustee's sale on August 18, 2011 and recording the TDUS on September 2, 2011); In re Garner, 208 B.R. 698 (Bankr.N.D.Cal. 1997) (debtor filed for bankruptcy on March 12, 1997; purchaser filed from relief from stay after having purchased the property in question at a foreclosure sale on March 11, 1997 and recording the TDUS on March 18, 1997); In re Bebensee-Wong, 248 B.R. 820 (9th Cir. BAP 2000) (debtor filed for bankruptcy on August 16, 1999; purchaser filed for relief from stay after having purchased the property in question at a trustee's sale on August 4, 1999 and recording the TDUS on August 18, 1999).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**                    JS-6

| Case No. | CV 12-6597 CAS | Date | June 18, 2013 |
|---|---|---|---|
| Title | IN RE: REZA JANGALI SHIRAZI [REZA JANGALI SHIRAZI v. BANK OF AMERICA, N.A., ETC.; ET AL.] | | |

the Subject Property relates back to April 16, 2012, the date of the foreclosure sale. The transfer of title to the Subject Property therefore took place prior to the filing of Shirazi's petition, leading to the conclusion that the Subject Property was not part of the bankruptcy estate under 11 U.S.C. § 541 and was not subject to the automatic stay. Consequently, the transfer did not violate the automatic stay.

In opposition to this line of reasoning, Shirazi cites In re Gonzalez, 456 B.R. 429 (Bankr.C.D.Cal. 2011), rev'd, 2012 WL 8262445 (C.D.Cal. June 14, 2012), and argues that § 2924h(c) does not support affirming the order below. Like the instant action, Gonzalez considered the validity of a transfer of title pursuant to a trustee's auction when the auction took place prior to the filing of a bankruptcy petition but the transfer was recorded post-petition. In contrast to the decisions cited above, the court in Gonzalez found that despite § 2924h(c), the transfer was barred by the automatic stay. The court in Gonzalez disagreed with these decisions because it found that § 2924h(c) did not make the transfer of title to property relate back to the date of a trustee's sale. Instead, according to Gonzalez, § 2924h(c) only provides that the trustee's "agreement for sale" becomes final on the actual date of the trustee's sale, not that the transfer occurs on the date of the trustee's sale. Gonzalez, 459 B.R. at 436 – 438. The court reasoned that because § 2924h(c) did not contain provisions making transfer of title retroactive, title does not transfer until the recording date, leading the court to conclude that the transfer took place after the automatic stay. Id. at 438.

The Court declines to rely on Gonzalez, which is not consistent with the majority of decisions to have considered the issue raised by appellant. Moreover, to the extent § 2924h(c) is ambiguous, the stated intent of the California legislature leading to the amendment of this section in 1993 is instructive:

> C[alifornia] T[rustees] A[ssociation] points out that the validity of foreclosure sales is sometimes thrown into question when a bankruptcy is filed after the trustee's sale is final, but before the trustee's deed can be recorded. Federal bankruptcy courts, which normally rely on state real property laws, have reached different results because California law is unclear on how this situation should be handled. This bill is intended to clarify California law in these situations by providing that a trustee's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS-6

| Case No. | CV 12-6597 CAS | Date | June 18, 2013 |
|---|---|---|---|
| Title | *IN RE: REZA JANGALI SHIRAZI [REZA JANGALI SHIRAZI v. BANK OF AMERICA, N.A., ETC.; ET AL.]* | | |

sale is deemed 'perfected' as of the date of the sale if the trustee's deed is recorded within 15 days of the sale.

Comm.Rep. CAA.B. 1196 (1993-94 Reg.Sess.); see also In re Engles, 193 B.R. 23, 27 – 28 (Bankr.S.D.Cal. 1996) (discussing history and purpose of § 2924h(c)).  As the court in Engles makes clear, the purpose of § 2924h(c) is to insure that on facts such as these, a debtor cannot avoid a foreclosure sale by filing a bankruptcy petition after the foreclosure sale but prior to the date the sale was recorded.  Id.

Because the Subject Property was not part of the bankruptcy estate and therefore was not subject to the automatic stay, the Court rejects Shirazi's arguments for reversing the order below.

## V.    CONCLUSION

In light of the foregoing, the Court hereby AFFIRMS the bankruptcy court's decision on appellee's motion for relief from stay.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |